UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN E. CHAVEZ, CDCR #K-49549, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; J. CLARK; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES; SCOTT KERNAN; P. JAYASUNDARA; S. ROBERT; M. GLYNN; WARDEN DANIEL PARAMO; KATHLEEN ALLISON; D. STRAYHORN; S. GATES; and DOES 1 through 50 <br><br> Defendants. | Case No.: 3:19-cv-00624 JLS (BGS) <br><br> **ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** <br><br> (ECF No. 2) |

Plaintiff Edwin E. Chavez, a prisoner incarcerated at San Quentin State Prison located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

///

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff is a prisoner and is granted leave to proceed IFP, however, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. ECF No. 2 at 3. Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing

a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). The entire $350 balance of the filing fees due for this case, however, must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

I.  **Legal Standard**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening under § 1915A "incorporates the familiar standard applied in

the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. Plaintiff's Allegations[1]

Plaintiff has been diagnosed with "chronic Hepatitis C viral ("HCV") infection" which he "contracted" in the "fall of 2015." *See* Compl. at 14. Plaintiff alleges that Defendants have "refused to provide medical treatment to Plaintiff and others with Hepatitis C viral infections that are consistent with current and prevailing medical standards." *Id.*

In 2017, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD"). *Id.* at 15. On November 13, 2017, Plaintiff alleges Defendant Strayhorn, an RJD correctional officer, "refused to escort Plaintiff" to a medical appointment Plaintiff had with a "liver specialist." *Id.* Plaintiff claims Strayhorn "deliberately refused to allow Plaintiff to be seen by the liver specialist just because he didn't like Plaintiff." *Id.* Plaintiff alleges "this officer is part of the infamous 'Green Wall'" at RJD. *Id.* at 16.

Plaintiff claims that the "administration at RJD has tried to cover up this gross negligence towards Plaintiff's health and medical attention." *Id.* He further alleges

---

[1] The Court will refer to the page numbers as they are imprinted by the Court's electronic case filing system.

4

Warden Paramo "was notified of his officer D. Strayhorn's misconduct and his interference with medical treatment for Plaintiff" but Paramo "failed to act and correct this deliberate indifference." *Id.*

Plaintiff filed a number of administrative grievances in which he "begged Defendants to treat him before his HCV condition worsened on countless occasions." *Id.* at 26. In these grievances, Plaintiff contended that Defendants were not "providing adequate medical care." *Id.* Plaintiff was then examined by "liver specialist" Jayasundara who informed Plaintiff "there was nothing he could do or medical to order the HCV medication because the prison did not have the financial budget to pay for the needed medical care." *Id.* at 26–27. Plaintiff alleges as a result of the Defendants refusal to properly treat his medical condition, his disease "has now progressed to fibrosis stage 3, leaving him with nothing to do, but to continue to suffer for the rest of his life" which "could have been avoided." *Id.* at 27.

### III. Analysis

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

#### A. *Defendants CDCR and California Correctional Health Care Services*

First, to the extent Plaintiff includes the CDCR and the "California Correctional Health Care Services" as parties, his Complaint fails to state any claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. These entities are not "persons" subject to suit under § 1983. *See Hale v. State of Ariz.*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a

///

state department of corrections is an arm of the state and, thus, not a "person" within the meaning of § 1983).

### B. Eighth Amendment claims

Plaintiff alleges that all the named Defendants have violated his Eighth Amendment rights by failing to provide medical treatment to him "and others with Hepatitis C viral infections that are consistent with current and prevailing medical standards." Compl. at 14.

To violate the Eighth Amendment, however, Plaintiff must allege facts sufficient to show "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 475 U.S. 312, 347 (1981). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, alleged deprivations under the Eighth Amendment "must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* Mere negligence on the part of the prison official is not sufficient to establish liability—the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

To meet this high standard, a prisoner alleging an Eighth Amendment violation must plead facts sufficient to "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the officials "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted). Prison officials act with "deliberate indifference . . . only if [they are alleged to] know[ ] of and disregard[ ] an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

While Plaintiff's allegations of being diagnosed with hepatitis C are sufficient to meet the Eighth Amendment's objective requirements, *see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a medical need is serious when the failure to treat it could result in

significant injury or the unnecessary and wanton infliction of pain), he must further allege facts sufficient to show that each individual person he seeks to sue "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

### 1. Claims against Defendant Strayhorn

Plaintiff alleges that on November 13, 2017, Defendant Strayhorn "refused to escort Plaintiff to his then medical appointment (LIVER SPECIALIST)" at RJD's "Treatment Triage Area." Compl. at 15. Plaintiff alleges that Strayhorn "deliberately refused to allow Plaintiff to be seen by the liver specialist just because he didn't like Plaintiff." *Id.*

Plaintiff is not required to allege facts to show that he was completely denied medical care, but he must be able to allege facts sufficient to show that Strayhorn intentionally interfered with his medical treatment. *See Lopez*, 203 F.3d at 1131. Plaintiff does not specify how his medical care was impacted by purportedly missing one medical appointment. If he is alleging that the missed appointment caused a delay in finding appropriate treatment, he must show this one act of delay is alleged have caused harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1991) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's general argument is that prison officials denied him adequate medical treatment, but he does not allege how this one missed appointment caused him to suffer any harm. Plaintiff claims he was first incarcerated within the CDCR in 1997. *See* Comp. at 25. From 1997 to September 5, 2018, Plaintiff was housed at seven different institutions. *See id.* In the fall of 2015 Plaintiff was first diagnosed with HCV. *See id.* at 10. Plaintiff does not make clear where he was housed at the time he was diagnosed. While Plaintiff claims that while he was housed at RJD, he "requested treatment for HCV but was consistently and repeatedly denied treatment on multiple occasions. *Id.* at 25. Here,

7

3:19-cv-00624 JLS (BGS)

however, he only alleges that Strayhorn denied him the opportunity to attend a medical appointment on one occasion. Plaintiff does not allege how Strayhorn played any role in the "repeated" denial of medical treatment.

Thus, the Court finds that Plaintiff has failed to adequately state an Eighth Amendment deliberate indifference to a serious medical need claim as to Defendant Strayhorn.

### 2. *Claims against Defendant Jayasundara*

At some unspecified point in time, Plaintiff claims "liver specialist Jayasundara examined [Plaintiff] and claimed that there was nothing he could do." Compl. at 26. Plaintiff claims Jayasundara further informed him that he could not "order the HCV medication because the prison did not have the financial budget to pay for the needed medical care." *Id.* Plaintiff cannot seek money damages against an individual prison official based solely on a denial of treatment due to "lack of resources" when that official lacks "authority over budgeting decisions." *Peralta v. Dillard*, 744 F.3d 1076, 1083–84 (9th Cir. 2014). Here, it is not clear from Plaintiff's Complaint whether Jayasundara has any budgetary control over the prison's medical budget. Moreover, Jayasundara's statement that there was "nothing" he could do for Plaintiff is vague. Plaintiff does not indicate whether this was a medical decision regarding lack of treatment options due to the alleged advanced stage of his disease or Plaintiff is alleging that Jayasundara refused to provide Plaintiff with available medical treatment.

Plaintiff's allegations appear to allege a difference of opinion between himself and Jayasundara. "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta*, 744 F.3d at 1083 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122–23.

Thus, the Court finds that Plaintiff has failed to adequately state an Eighth Amendment deliberate indifference to serious medical need as to Defendant Jayasundara.

### 3. Claims against Defendants Clark, Kernan, Allison, and Paramo

Plaintiff seeks to hold Defendants Clark, Kernan, Allison, and Paramo liable in their roles as supervisors and in their roles "adopting, approving, and implementing the policies applicable to the prisons operated throughout the State of California." Compl. at 11–12. Plaintiff does not allege that any of the named Defendants were actually aware of Plaintiff's medical needs or played any direct role in his medical treatment. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault . . . 'would result in de facto respondeat superior liability on municipalities . . . .'") (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633 (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against these Defendants because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations. *See City of Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983.") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)).

Thus, the Court finds Plaintiff fails to state any Eighth Amendment claims upon which relief may be granted against Clark, Kernan, Allison, and Paramo.

### 4. Claims against Defendants Roberts, Glynn, and Gates

Plaintiff appears to seek to hold Defendants Roberts, Glynn, and Gates liable for their role in responding to Plaintiff's administrative grievances. *See* Compl. at 12–13. A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process" (citing *Ramirez*, 334 F.3d at 860)).

A "prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he knowingly fail[s] to respond to an inmate's requests for help." *Peralta*, 744 F.3d at 1085–86 (citation and internal quotation marks omitted). If a prison official, who is serving in an administrative role, relies on the decisions by qualified staff when they are responding to an inmate's grievance, that would not necessarily rise to the level of "deliberate indifference." *See id.* at 1087 (Medical Officer's "decision to sign appeals that he knew had been reviewed by at least two qualified dentists, when he had no expertise to contribute to that review, isn't a wanton infliction of unnecessary pain").

Plaintiff does not allege with the required specificity how any of these Defendants had direct knowledge of his medical condition or any of the specific decisions made regarding treatment for his medical condition. Thus, Plaintiff fails to state a claim against Defendants Roberts, Glynn, and Gates.

### C. Americans with Disabilities Act

Plaintiff seeks to hold Defendants Kelso, Kernan, Allison, Jayasundara, Roberts, Glynn, Gates, Strayhorn and Paramo liable for his claims that he brings pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. *See* Compl. at 31–32. The

ADA applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *United States v. Georgia*, 546 U.S. 151, 154 (2006). In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (internal quotations omitted) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

Plaintiff may not pursue an ADA claim against any of the individually named Defendants, however, because there is no individual liability under Title II. *See Heinke v. Cnty. of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.1, 2013). The ADA's definition of "public entity" does not include individuals. *See Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA."); *see also Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1038–39 (D. Or. 1995) (individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583 (9th Cir. 1993)); *Weathers v. Hagemeister-May*, No. 1:13-CV-01932-AWI, 2014 WL 309444, at *4 (E.D. Cal. Jan. 28, 2014).

For these reasons, Plaintiff's Complaint fails to state an ADA claim upon which relief can be granted.

### D. *State Law claims*

Plaintiff also seeks to bring California state law claims against the named Defendants. *See* Compl. at 33–35. Because Plaintiff has failed to allege a violation of

11

3:19-cv-00624 JLS (BGS)

federal law, however, the Court exercises its discretion to dismiss his pendent state law claims without prejudice. 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . [it] has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.").

### E. Leave to Amend

For all these reasons, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted and that the Complaint must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Because Plaintiff is proceeding pro se, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## IV. Conclusion

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

Dated: June 17, 2019

Hon. Janis L. Sammartino
United States District Judge