UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN E. CHAVEZ,<br>CDCR #K-49549<br><br>                                    Plaintiff,<br><br>v.<br><br>CDCR; J. CLARK; CALIFORNIA<br>CORRECTIONAL HEALTH CARE<br>SERVICES; SCOTT KERNAN;<br>P. JAYASUNDARA; S. ROBERT;<br>M. GLYNN; WARDEN DANIEL<br>PARAMO; KATHLEEN ALLISON;<br>D. STRAYHORN; S. GATES; DOES 1<br>TO 50,<br><br>                                    Defendants. | Case No.:  3:19-cv-00624-JLS-BGS<br><br>**ORDER DISMISSING CIVIL<br>ACTION FOR FAILING TO STATE<br>A CLAIM PURSUANT<br>TO 28 U.S.C. § 1915(e)(2) AND<br>§ 1915A(b) AND FOR FAILING<br>TO PROSECUTE IN COMPLIANCE<br>WITH COURT ORDER<br>REQUIRING AMENDMENT** |

**I.     Procedural History**

On April 2, 2019, Plaintiff filed his civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.  On June 17, 2019, the Court conducted the required sua sponte screening of Plaintiff's Complaint and dismissed his Complaint for failing to state a claim.  *See* ECF No. 3.  Plaintiff was granted 45 days leave to file an amended complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*

1

On August 13, 2019, and again on August 30, 2019, Plaintiff filed requests seeking an extension of time to comply with the Court's June 17, 2019 Order. *See* ECF Nos. 5, 7. Specifically, Plaintiff sought an additional forty-five days to file his amended pleading. *See* ECF No. 7 at 2. On September 24, 2019, the Court granted Plaintiff's request and provided him an additional 60 days to comply with the Court's June 17, 2019 Order. *See* ECF No. 8 at 2. Plaintiff was also cautioned, however, that if he failed to file an Amended Complaint that cured his pleading defects, the Court would dismiss his case. *Id.*

Plaintiff's Amended Complaint was due on or before November 24, 2019, but to date, Plaintiff has not filed an Amended Complaint and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.    Conclusion and Order

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) in compliance with the Court's May 7, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: January 9, 2020

Hon. Janis L. Sammartino
United States District Judge

3:19-cv-00624-JLS-BGS